**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

In re: KEMPIS, EILEEN M § Case No. 17-51357-MEH
§
      EILEEN KEMPIS § 
Debtor(s) §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed on June 05, 2017. The case was converted to one under Chapter 7 on October 04, 2018. The undersigned trustee was appointed on October 04, 2018.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of     $     575,000.00

     Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 326,057.43 |
| Administrative expenses | 63,135.75 |
| Bank service fees | 0.00 |
| Other payments to creditors | -1,481.84 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]     $ | 187,288.66 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 01/15/2019 and the deadline for filing governmental claims was 12/04/2017. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $26,924.64. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $26,924.64, for a total compensation of $26,924.64.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.50, for total expenses of $0.50.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/17/2020      By: /s/Doris A. Kaelin
                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| | | | | |
|---|---|---|---|---|
| **Case Number:** 17-51357-MEH | | **Trustee:** | (001750) | Doris A. Kaelin |
| **Case Name:** KEMPIS, EILEEN M | | **Filed (f) or Converted (c):** | 10/04/18 (c) | |
| | | **§341(a) Meeting Date:** | 11/01/18 | |
| **Period Ending:** 02/17/20 | | **Claims Bar Date:** | 01/15/19 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description**<br>(Scheduled And Unscheduled (u) Property)<br>**Ref. #** | **Petition/ Unscheduled Values** | **Estimated Net Value**<br>(Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1 | 836 Pomeroy Ave, #68, Santa Clara<br>    Order approving sale (Dkt 192)<br>Report of Sale (Dkt. 194) | 550,000.00 | 313,622.00 | | 575,000.00 | FA |
| 2 | 2001 Ford Escape<br>    Per Debtor schedules, 206,000 miles | 1,109.00 | 0.00 | | 0.00 | FA |
| 3 | 1971 VW SuperBeetle<br>    Per Debtor 150,000 miles; in poor condition | 1,000.00 | 0.00 | | 0.00 | FA |
| 4 | HOUSEHOLD GOODS AND FURNISHINGS | 2,000.00 | 0.00 | | 0.00 | FA |
| 5 | ELECTRONICS<br>    Per schedules, 2 televisions, 4 computers, cell phone | 1,000.00 | 0.00 | | 0.00 | FA |
| 6 | WEARING APPAREL | 300.00 | 0.00 | | 0.00 | FA |
| 7 | JEWELRY<br>    Per Debtor, costume jewelry | 1,000.00 | 0.00 | | 0.00 | FA |
| 8 | Cash | 400.00 | 0.00 | | 0.00 | FA |
| 9 | VOID | 0.00 | 0.00 | | 0.00 | FA |
| 10 | VOID | 0.00 | 0.00 | | 0.00 | FA |
| 11 | Savings Bond | 500.00 | 0.00 | | 0.00 | FA |
| 12 | VOID | 0.00 | 0.00 | | 0.00 | FA |
| 13 | Real estate license | 0.00 | 0.00 | | 0.00 | FA |
| 14 | Abstract of Judgment by Eileen Kempis  (u)<br>    Debtor previously recorded an Abstract of Judgment against Asset #1 which had to be disbursed separately from escrow. Sale Order (Dkt. 192) provides the funds are be paid to trustee to satisfy the Abstract | 0.00 | 7,500.00 | | 7,500.00 | FA |
| **14**  **Assets**    **Totals** (Excluding unknown values) | **$557,309.00** | **$321,122.00** | | **$582,500.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

  6-5-17 Case filed under Chapter 13
  10-4-18 Case converted to Chapter 7.  Trustee investigating the equity in the property. Contact Cornerstone Title for vesting deed and outstanding liens. Contact Andy Buchanan, Keller Williams, for preliminary valuation. Contact attorneys for National Cooperative Bank, N.A. who obtained relief from the automatic stay during the chapter 13 case

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 17-51357-MEH  **Trustee:** (001750) Doris A. Kaelin
**Case Name:** KEMPIS, EILEEN M  **Filed (f) or Converted (c):** 10/04/18 (c)
 **§341(a) Meeting Date:** 11/01/18
**Period Ending:** 02/17/20  **Claims Bar Date:** 01/15/19

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned OA=§554(a)** | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

10-5-18 send list of document requests to Debtor's counsel. Contact HOA to find out balance owing and status of any action against the real property; contact The Hutton Group to make introduction and find out status of conversion of the Property from a co-op to a condominium

10-6-18 Trustee correspondence/email to Debtor re duty to cooperate and initial documents needed; there appears to be significant equity in the real property. Trustee has alerted Debtor that agent Andy Buchanan will be calling her to arrange a walk through

10-9-18 application filed to employ counsel (Dkt. 140), and application to employ accountant (Dkt. 142)

10-10-18 Debtor has not contacted agent; send follow-up email to Debtor/counsel with additional information needed for tax evaluation

10-17-18 file request for notice of possible dividend

10-24-18 Debtor has responded and agrees to provide agent access to view property tomorrow. Debtor has also committed to providing outstanding documents

10-30-18 Agent provided access to property but no documents have been provided

11-1-18 per Debtor's testimony at the 341 meeting, she is paying the mortgage monthly and keeping it current; the HOA dues are not current. Trustee reviewed the assets on the petition that still existed on the conversion date and those are the assets included for administration. Debtor did not acquire any assets after she filed bankruptcy, and she testified there were no unpaid debts incurred in the chapter 13 case

11-27-18 accountant analysis that there are estimated to be only nominal taxes upon sale of the condo unit upon conversion

12-20-18 application to employ The Hutton Group filed (condo conversion agent)(Dkt. 155)

1-23-19 substitution of attorney filed: Brette Evans is new counsel for Debtor

2-7-19 hearing on motion to approve agreement with The Hutton Group (motion granted)

2-28-19 conversion documents to Debtor's counsel (re conversion of unit to condo)

4-16-19 No reponse from Debtor/counsel re conversion documents. Hutton Group to prepare documents to be executed at closing

4-17-19 Order authorizing employment of Intero order signed (Dkt. 172) ; correspondence to Debtor re cooperation with agent and listing

4-30-19 order entered on Motion to Compel requiring Debtor to cooperate (Dkt. 175)

5-3-19 motion filed for surrender of property as Debtor has not contacted Trustee's agent or provided key or cooperated per order; Order granting motion for Debtor's counsel to withdraw (Dkt. 179)

5-7-19 court has entered order for surrender of the property and to remove all personal property (Dkt 180)

5-16-19 no response from Debtor

5-22-19 Writ of Possession of Real Property issued by Clerk's Office

6-19-19 meet at the Pomeroy property for eviction by US Marshals, locks changed by locksmith

7-11-19 Call with agent: the Debtor has removed substantially all of the personal property per access provided on multiple days

7-29-19 ex parte application filed to allow agent to advance up to $4500 for clean up/disposal and new paint and carpet to improve marketability

8-15-19 property is on MLS, marketing includes open houses

9-26-19 sign offer at $575,000 (buyer: Thomas Benfield-Greaves) with addendum providing language by The Hutton Group re conversion to condo

10-8-19 motion to approve sale of property filed (Dkt. 189)

10-15-19 Trustee review of preliminary title report provided shows the Debtor has an undisclosed abstract of judgment recorded against the property from the time period she was asserting claim of ownership of the unit

10-31-19 no objections to sale received and no overbids

11-4-19 Sale Order entered (Ckt. 51)

11-25-19 review final seller statement and return to TICOR. Trustee has reviewed claims. No objections required

11-27-19 closing of sale

11-28-19 receipt net sale proceeds received by wire; awaiting final closing statement to complete accounting of disbursements and preparation of Report of Sale; also

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| | | |
|---|---|---|
| **Case Number:** 17-51357-MEH | **Trustee:** | (001750) Doris A. Kaelin |
| **Case Name:** KEMPIS, EILEEN M | **Filed (f) or Converted (c):** | 10/04/18 (c) |
| | **§341(a) Meeting Date:** | 11/01/18 |
| **Period Ending:** 02/17/20 | **Claims Bar Date:** | 01/15/19 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

$7500 was separately paid to trustee by check on account of the Abstract of Judgment held by Debtor on the property, as provided by the Sale Order

12-3-19 receive $7500 check from TICOR on Abstract of Judgment by Debtor; send Form 2 to accountant

12-4-19 email Debtor requesting she file a notice of change of address with the Court for purposes of future notices and her surplus distribution

12-11-19 review and sign Trustee statement re accountant's final fee application

12-12-19 Review final estate income tax returns; submit same (per accountant, no taxes owing)

2-8-20 approve fee application of counsel; prepare TFR

2-12-20 POC 4 filed as unsecured; trustee has contacted United Trustee Services who filed the claim to confirm treatment as secured and that claim is fully satisfied (the claim was for HOA dues paid from the sales proceeds)

2-14-20 acknowledgment received from United Trust Services re treatment of POC 4 and confirming no amounts owing

2-17-20 Submit TFR

| | | | |
|---|---|---|---|
| **Initial Projected Date Of Final Report (TFR):** | October 4, 2019 | **Current Projected Date Of Final Report (TFR):** | February 17, 2020 (Actual) |

# Form 2
## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case Number:** 17-51357-MEH | **Trustee:** Doris A. Kaelin (001750) |
| **Case Name:** KEMPIS, EILEEN M | **Bank Name:** United Bank |
| | **Account:** ********4729 - Checking Account |
| **Taxpayer ID #:** **-***3469 | **Blanket Bond:** $67,398,068.00 (per case limit) |
| **Period Ending:** 02/17/20 | **Separate Bond:** N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|---|
| 11/27/19 | | TICOR Title Company of California | Net proceeds re sale of real property | | | 205,186.82 | | 205,186.82 |
| | {1} | | Contract sale price/gross proceeds | 575,000.00 | 1110-000 | | | 205,186.82 |
| | | | Pro rated real property taxes | -1,849.25 | 2820-000 | | | 205,186.82 |
| | | | Closing costs | -5,356.50 | 2500-000 | | | 205,186.82 |
| | | | HOA transfer fee | -300.00 | 2500-000 | | | 205,186.82 |
| | | Twin Pines Condominium Community, Inc. | HOA assessments, collection costs | -49,121.46 | 4110-000 | | | 205,186.82 |
| | | | Real estate commissions split 50-50 seller/buyer agents | -28,750.00 | 3510-000 | | | 205,186.82 |
| | | National Cooperative Bank, N.A. | Lender: National Cooperative Bank, N.A. | -124,365.56 | 4110-000 | | | 205,186.82 |
| | | John Perkins | Attorney lien | -152,570.41 | 4110-000 | | | 205,186.82 |
| | | | Check mailed to Trustee for Abstract of Judgment of Eileen Kempis | -7,500.00 | 1249-002 | | | 205,186.82 |
| 11/29/19 | 101 | The Hutton Group, Inc | Payment of fee as condo conversion agent (per Order, Dkt 192) | | 3991-000 | | 21,500.00 | 183,686.82 |
| 11/29/19 | 102 | Andy Buchanan | Expense reimbursement re sale of real property (Order, Dkt. 192) | | 3520-000 | | 5,380.00 | 178,306.82 |
| 12/03/19 | {14} | TICOR TITLE COMPANY | Payment from sale proceeds re Abstract of Judgment recorded by Debtor prior to petition date, paid to Trustee per demand | | 1249-000 | 7,500.00 | | 185,806.82 |
| 01/02/20 | | National Cooperative Bank, N.A. | Refund of excess proceeds paid to National Cooperative Bank,N.A. per payoff demand re sale of real property | | 4110-002 | | -1,481.84 | 187,288.66 |
| | | | **ACCOUNT TOTALS** | | | 212,686.82 | 25,398.16 | **$187,288.66** |
| | | | Less: Bank Transfers | | | 0.00 | 0.00 | |
| | | | **Subtotal** | | | 212,686.82 | 25,398.16 | |
| | | | Less: Payments to Debtors | | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | | **$212,686.82** | **$25,398.16** | |

{} Asset reference(s)

# Form 2

## Cash Receipts And Disbursements Record

| Case Number: | 17-51357-MEH | | Trustee: | Doris A. Kaelin (001750) |
| --- | --- | --- | --- | --- |
| Case Name: | KEMPIS, EILEEN M | | Bank Name: | United Bank |
| | | | Account: | ********4729 - Checking Account |
| Taxpayer ID #: | **-***3469 | | Blanket Bond: | $67,398,068.00 (per case limit) |
| Period Ending: | 02/17/20 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Net Receipts : 212,686.82<br>Plus Gross Adjustments : 362,313.18<br>Less Other Noncompensable Items : -8,981.84<br><br>Net Estate : $583,981.84 | **TOTAL - ALL ACCOUNTS**<br><br>**Checking # ********4729** | | **Net<br>Receipts**<br><br>212,686.82<br><br>$212,686.82 | **Net<br>Disbursements**<br><br>25,398.16<br><br>$25,398.16 | **Account<br>Balances**<br><br>187,288.66<br><br>$187,288.66 |

{} Asset reference(s)

Case: 17-51357  Doc# 203  Filed: 04/03/20  Entered: 04/03/20 14:16:12  Page 7 of 12

Printed: 02/17/2020 11:27 AM  V.14.66

# E X H I B I T   C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** January 15, 2019

**Case Number:** 17-51357-MEH  
**Debtor Name:** KEMPIS, EILEEN M

Page: 1

**Date:** February 17, 2020  
**Time:** 11:27:29 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 200 | Gordon Rees Scully Mansukhani, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | Admin Ch. 7 | Per final application for compensation (Dkt. 201) | $41,550.00 | $0.00 | 41,550.00 |
| 200 | Gordon Rees Scully Mansukhani, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | Admin Ch. 7 | Per final application for compensation (Dkt. 201) | $618.37 | $0.00 | 618.37 |
| 200 | Kokjer, Pierotti, Maiocco & Duck LLP<br>333 Pine Street, 5th Floor<br>San Francisco, CA 94104 | Admin Ch. 7 | Per final application for compensation (Dkt 195) | $2,677.50 | $0.00 | 2,677.50 |
| 200 | Kokjer, Pierotti, Maiocco & Duck LLP<br>333 Pine Street, 5th Floor<br>San Francisco, CA 94104 | Admin Ch. 7 | Per final application for compensation (Dkt 195) | $80.74 | $0.00 | 80.74 |
| 200 | Doris A. Kaelin<br>P.O. Box 1582<br>Santa Cruz, CA 95061 | Admin Ch. 7 | [Updated by Surplus to Debtor Report based on Net Estate Value: 473492.84] | $26,924.64 | $0.00 | 26,924.64 |
| 200 | Doris A. Kaelin<br>P.O. Box 1582<br>Santa Cruz, CA 95061 | Admin Ch. 7 |  | $0.50 | $0.00 | 0.50 |
| 1P 570 | IRS- Special Procedures<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Priority | Payment address updated | $300.00 | $0.00 | 300.00 |
| 2 -3 100 | John Perkins<br>P.O. Box 20274<br>San Jose, CA 95160 | Secured | Order on objection to claim filed by Debtor (Dkt 86)<br>Claim allowed as secured claim in amount of $94,344.31<br>Claimant filed subsequent amendment as allowed per motion filed (Dkt entry following hearing, 7-31-18)<br>Claim amended 1-17-19<br>Claim further amended 3-29-19<br>Claim paid per payoff demand (includes additional accrued interest) | $152,570.41 | $152,570.41 | 0.00 |
| 4 100 | Twin Pines Condominium Community, Inc.<br>Phaedra Shrock,Property Pro, LTD.,<br>LLC,14127 Capri Drive, Suite 8<br>Los Gatos, CA 95032 | Secured | Claim paid in full per demand to escrow upon sale of property, in satisfaction of lien pursuant to Order approving sale (Dkt. 192). Charges include late fees and collection costs, along with unpaid assessments. Proof of Claim #4 was filed as unsecured but creditor has acknowledged treatment of claim as secured based on lien and that payment from the sale satisfied the claim in full [See Notice of Treatment of Claim, Dkt. 202] | $49,121.46 | $49,121.46 | 0.00 |
| 5 100 | National Cooperative Bank, N.A.<br>139 South High Street<br>Hillsboro, OH 45133 | Secured | Claim paid per pay off demand to escrow upon sale of property | $122,883.72 | $122,883.72 | 0.00 |
| 1U 610 | IRS- Special Procedures<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Unsecured | Payment address updated | $100.00 | $0.00 | 100.00 |

# EXHIBIT C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** January 15, 2019

**Case Number:** 17-51357-MEH
**Debtor Name:** KEMPIS, EILEEN M

Page: 2

**Date:** February 17, 2020
**Time:** 11:27:29 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 3<br>610 | GOOD SAMARITAN HOSPITAL<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602 | Unsecured | | $426.16 | $0.00 | 426.16 |
| 6<br>610 | US Department of Education<br>National Payment Center<br>PO Box 105028<br>Atlanta, GA 30348-5028 | Unsecured | Payment address updated | $11,208.30 | $0.00 | 11,208.30 |
| 3I<br>640 | GOOD SAMARITAN HOSPITAL<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602 | Unsecured | | $14.64 | $0.00 | 14.64 |
| 6I<br>640 | US Department of Education<br>National Payment Center<br>PO Box 105028<br>Atlanta, GA 30348-5028 | Unsecured | | $385.06 | $0.00 | 385.06 |
| 1PI<br>640 | IRS- Special Procedures<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Unsecured | | $10.31 | $0.00 | 10.31 |
| 1UI<br>640 | IRS- Special Procedures<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Unsecured | | $3.44 | $0.00 | 3.44 |
| SURPLUS<br>650 | KEMPIS, EILEEN M<br>836 POMEROY AVE. #68<br>SANTA CLARA, CA 95051 | Unsecured | | $102,989.00 | $0.00 | 102,989.00 |
| << Totals >> | | | | 511,864.25 | 324,575.59 | 187,288.66 |

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 17-51357-MEH
Case Name: KEMPIS, EILEEN M
Trustee Name: Doris A. Kaelin

**Balance on hand:** $ 187,288.66

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2 -3 | John Perkins | 146,211.31 | 152,570.41 | 152,570.41 | 0.00 |
| 4 | Twin Pines Condominium Community, Inc. | 19,928.18 | 49,121.46 | 49,121.46 | 0.00 |
| 5 | National Cooperative Bank, N.A. | 129,930.83 | 122,883.72 | 122,883.72 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 187,288.66

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Doris A. Kaelin | 26,924.64 | 0.00 | 26,924.64 |
| Trustee, Expenses - Doris A. Kaelin | 0.50 | 0.00 | 0.50 |
| Attorney for Trustee, Fees - Gordon Rees Scully Mansukhani, LLP | 41,550.00 | 0.00 | 41,550.00 |
| Attorney for Trustee, Expenses - Gordon Rees Scully Mansukhani, LLP | 618.37 | 0.00 | 618.37 |
| Accountant for Trustee, Fees - Kokjer, Pierotti, Maiocco & Duck LLP | 2,677.50 | 0.00 | 2,677.50 |
| Accountant for Trustee, Expenses - Kokjer, Pierotti, Maiocco & Duck LLP | 80.74 | 0.00 | 80.74 |

Total to be paid for chapter 7 administration expenses: $ 71,851.75
Remaining balance: $ 115,436.91

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

| | |
|---|---|
| Total to be paid for prior chapter administrative expenses: | $ 0.00 |
| Remaining balance: | $ 115,436.91 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $300.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1P | IRS- Special Procedures | 300.00 | 0.00 | 300.00 |

| | |
|---|---|
| Total to be paid for priority claims: | $ 300.00 |
| Remaining balance: | $ 115,136.91 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 11,734.46 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1U | IRS- Special Procedures | 100.00 | 0.00 | 100.00 |
| 3 | GOOD SAMARITAN HOSPITAL | 426.16 | 0.00 | 426.16 |
| 6 | US Department of Education | 11,208.30 | 0.00 | 11,208.30 |

| | |
|---|---|
| Total to be paid for timely general unsecured claims: | $ 11,734.46 |
| Remaining balance: | $ 103,402.45 |

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 103,402.45

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 103,402.45

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 1.2% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $413.45. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 102,989.00.