DORIS A. KAELIN
P.O. BOX 1582
SANTA CRUZ, CA 95061
TELEPHONE: (831) 600-8093
dktrustee@gmail.com

CHAPTER 7 TRUSTEE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In Re: | ) Case No. 17-51357-MEH |
| KEMPIS, EILEEN M., | ) Chapter 7 |
| Debtor. | ) **Ex Parte Application for Order Authorizing Payment of Debtor's Surplus Distribution Funds into the Court** |
| | ) **[No hearing requested]** |

      Doris A. Kaelin, Trustee in bankruptcy of the estate of the above-named Debtor ("Trustee"), hereby files this ex parte application to authorize the Trustee's payment of Debtor's surplus distribution funds into the Court as unclaimed property due to the Debtor having left the area without providing a forwarding address. Trustee has exhausted all avenues of trying to obtain a new address for the Debtor without success. Because the Trustee Handbook does not specifically address this situation, the Trustee seeks a Court order authorizing the funds to be treated as unclaimed property.

      Debtor has been proceeding without counsel in the bankruptcy case since the Court entered its Order Granting Motion to Withdraw as Attorney of Record on May 3, 2019 (Dkt. 179). The Debtor's contact information is set forth in the Order as follows: "The Debtor Eileen M. Kempis, can be served at 836 Pomeroy Avenue, #68, Santa Clara, CA 95051. Her phone contact information is (408) 393-8556."

-1-

Trustee sold the Debtor's residence at 836 Pomeroy Avenue, #68, Santa Clara (the "Pomeroy property") pursuant to Order of the Court of November 4, 2019 (Dkt. 192). Debtor has not lived at the Pomeroy property following that date. On December 4, 2019, Trustee sent Debtor an email requesting that she update her address with the Court, stating in relevant part the following:

> Dear Ms. Kempis,
> The sale of the condominium has closed and I am completing the final steps of the administration of the bankruptcy estate so that I can submit the trustee's final report. After claims are paid, there is anticipated to be a surplus payable to you. I note that the Bankruptcy Court is still showing your address as 836 Pomeroy Ave, #68, Santa Clara. Please file with the Bankruptcy Court a notice of your new mailing address so that you receive notices by the Court and so that I have the correct address to mail your check once the final report is approved by the Court. Make sure you include your case name and case number on the notice so the Court dockets the notice in your case.
> [The address of the Clerk's Office was provided in this correspondence.]

Following notice and a hearing, on May 6, 2020 the Court entered the "Order Approving Trustee's Final Account and Awarding Fees and Expenses" (Dkt. 209).

Pursuant to the Trustee's Final Report, on May 8, 2020 Trustee issued a check to the Debtor in the amount of $102,989.00 representing the surplus to the Debtor after payment of all claims and interest (the "Surplus Funds"). As of the date of this pleading, the Debtor has not provided her new address so that Trustee can send her the Surplus Funds. Trustee has attempted to reach the Debtor commencing on May 8, 2020 and thereafter via email, via letter to the Pomeroy property address, and by leaving a voice mail at the phone number for the Debtor. Trustee's counsel separately attempted to reach the Debtor by phone and text and by contacting the attorney who represented the Debtor's partner. Trustee contacted Debtor's former counsel, Brette Evans, who has separately attempted to reach the Debtor. As of the date of this application, Trustee has not been provided a new address for the Debtor. Trustee's May 5, 2020 letter was sent to the Debtor by First Class Mail to the Pomeroy property address and via email. The letter states in relevant part:

> "Dear Ms. Kempis:
> I have been attempting to reach you to obtain an updated address so that I can send the surplus distribution check to you. Efforts to reach you by email, telephone, and through your former counsel and your partner's counsel have thus far been unsuccessful. The check is substantial and I want to ensure that you

receive it.  Please contact me with a current address where I can mail the check to you.  I need you to provide that instruction in writing.  You can do so at my email address above.  Should I not hear back from you within 10 days, I may need to pay the funds into the Bankruptcy Court."

Bankruptcy Code section 347 provides in relevant part:  (a) ninety days after the final distribution under section 726…the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28."

Bankruptcy Code section 105 authorizes the Court to "issue any order…that is necessary or appropriate to carry out the provisions of [title 11]."

Normally the trustee is to mail distribution checks per the address of record.  However, the Trustee knows the Debtor no longer lives at the Pomeroy address, and while the Trustee's May 5, 2020 letter has not been returned as undeliverable, the Debtor has also not responded to the Trustee's request for a current address.  Under the circumstances, the Trustee believes it is appropriate that the Court authorize the Trustee to void the check to the Debtor for the Surplus Funds and pay the funds into the Court as unclaimed property pursuant to 11 U.S.C. Section 347.

**The proposed form of Order on this application is attached hereto as Exhibit "A."**

WHEREFORE, the Trustee requests that the Court enter an order approving this Application, and authorizing the Trustee to void the check to the Debtor for the Surplus Funds and pay the funds into the Court as unclaimed property pursuant to 11 U.S.C. Section 347.

DATED:  July 25, 2020

By: */s/ Doris A. Kaelin*  
    DORIS A. KAELIN,  
    Trustee in Bankruptcy